|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | SOUTHERN DISTRICT OF CALIFORNIA | |
| ALEX LANGE,<br><br>   Plaintiff,<br>v.<br>TIM NICKERSON, et al.,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. 3:12-cv-1294-GPC-WMC<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 8) |

# INTRODUCTION

Before the Court is defendants Tim Nickerson, James Blackmon, Henry Ramelli, Mr. Perkins, Mr. Newsom, Greg Cox, Diane Jacob, Pam Slater-Price, Ron Roberts, and Bill Horn's (collectively "Defendants") Motion to Dismiss Plaintiff Alex Lange's ("Plaintiff") First Amended Complaint ("FAC"). In their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants contend that all causes of action are barred by the doctrine of res judicata and the statute of limitations. Defendants also request judicial notice be taken of documents contained in Superior Court of San Diego County File No. 37-2011-00054131 related to an earlier action brought by Plaintiff.

The Court finds judicial notice is appropriate under Federal Rule of Evidence 201(d) as to Exhibit A, consisting of certified records of Superior Court of San Diego

County. (ECF No. 8-2, Mot. Dism. Ex. A.) Having considered the parties' submissions and for the reasons set forth below, the Court hereby **GRANTS** Defendants' Motion to Dismiss without leave to amend and with prejudice as to all causes of action because Plaintiff's claims are barred by the doctrine of res judicata. It is therefore unnecessary to address the defenses of untimeliness and other immunity issues.[1]

## PROCEDURAL HISTORY

On September 28, 2012, plaintiff Alex Lange ("Plaintiff"), proceeding pro se, filed his currently operative FAC. (ECF No. 3.) On February 20, 2013, Defendants filed a motion to dismiss Plaintiff's FAC for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) The Court set Defendants' Motion to Dismiss for a hearing on June 14, 2013. As such, any response to Defendants' Motion to Dismiss was due on or before May 31, 2013. *See* S.D. Cal. CivLR 7.1.e.2. Having failed to receive a response to Defendants' Motion to Dismiss, the Court granted Defendants' Motion to Dismiss as unopposed. (ECF No. 9.)

On June 21, 2013, the Court vacated its Order Granting Defendants' Unopposed Motion to Dismiss after discovering that the Court received a response from Plaintiff on May 28, 2013, which was inadvertently not docketed on the CM/ECF system. (ECF No. 10.) Accordingly, Plaintiff's Response was filed on the CM/ECF system nunc pro tunc to May 28, 2013 and the Court set July 5, 2013 as the deadline for Defendants to file a reply in support of their Motion to Dismiss. (*Id*.) The Court has not received a reply from Defendants.

## BACKGROUND

Defendants are a mix of San Diego County Sheriff's Deputies and members of the San Diego County Board of Supervisors. Plaintiff asserts various civil rights and

---

[1] Defendants alternatively argue that Plaintiff's action should be dismissed pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure because an arrest based on probable cause is not actionable under 42 U.S.C. section 183. *See* Cal. Pen. Code § 847 (providing in part that a peace officer is immune from liability for false arrest if the arrest is lawful).

tort causes of action arising from his arrest by the sheriff deputy defendants. On May 30, 2010, defendant Tim Nickerson ("Deputy Nickerson") received a radio call regarding a reported residential burglary in progress near the intersection of Fruitvale Road and Tangelo Way, Valley Center, California. (Mot. Dism. Ex. A. at 27, San Diego County Sheriff's Dept. Arrest Rep.) A couple who was in escrow to purchase the vacant home at 29059 Tangelo Way reported a burglary because the wife had driven by the home earlier and found two unknown males unloading boxes into the garage who refused to identify themselves or tell her what they were doing on the property. (*Id.*) Upon arrival at the house, Deputies Nickerson and Perkins observed that the garage door had damage to the top consistent with forced entry. (*Id*.)

While Deputy Nickerson was taking the reporting witness' statement, a white GMC Sonoma pulled up to the house with a load of furniture in the bed. (*Id*.) The driver was Richard Meyer, and Plaintiff identified himself as "Alex." (*Id*.) Plaintiff told Deputy Nickerson that he is "currently in possession of [the house]." (*Id*.) Upon further questioning, Plaintiff refused to answer without a lawyer. Officer Nickerson placed Plaintiff under arrest for felony vandalism of the garage door and trespassing. (*Id*.) Mr. Meyer was released upon questioning. (*Id*.)

On October 10, 2010, Plaintiff filed a claim against the County of San Diego for being "arrested without a verified complaint" in contravention of his Fourth Amendment rights. (*Id*. at 25, Claim Against the County of San Diego.) Plaintiff's claim was rejected on December 6, 2010. (*Id*. at 26, Not. Reject. Claim.) On May 4, 2011, Plaintiff filed a civil action against Defendants in the Superior Court of the State of California alleging the same causes of action as in this case: false arrest and imprisonment, conspiracy, intentional infliction of emotional distress, deprivation of property rights, and malfeasance in office. (*Id*. at 11, Super. Ct. Compl.)

Defendants filed a demurrer to Plaintiff's state-court complaint on November 17, 2011, on the basis that Plaintiff's complaint did not state sufficient facts to constitute a cause of action against defendants and defendants are immune from liability pursuant

to Code of Civil Procedure section 430.10(e) and Penal Code section 837. (*Id*. at 37, Defs.' Gen. Dem. & Dem. to Pl.'s Compl.) The Superior Court sustained Defendants' demurrer without leave to amend as to all causes of action and a Judgment of Dismissal was entered on May 3, 2012. (*Id.* at 59, Super. Ct. J. Dism.)

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (holding"Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing the motion, the Court must assume all factual allegations to be true and must construe them in the light most favorable to the nonmoving party. *North Star v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may take judicial notice of matters of public record. *MGIC Indem. Corp. v Weisan*, 803 F.2d 500, 504 (9th Cir. 1986).

# DISCUSSION

Defendants contend Plaintiff's claims are precluded by the doctrine of res judicata because Plaintiff has already litigated the same claims in state court in Superior Court Case No. 37-2011-00054131 filed on May 4, 2011. (ECF No. 6, Mot. Dism. at 2.) The state court sustained Defendants' general demurrer to the complaint without leave to amend and entered a judgment of dismissal with prejudice on May 3, 2012. (*Id.*) Plaintiff did not appeal the judgment. (*Id.*) Defendants argue the state court's judgment was on the merits and, as such, the resolution of Plaintiff's claims in state court bars this action. (*Id.*) The Court concludes Plaintiff's claims are barred by the doctrine of res judicata.

Courts are required to acknowledge the legitimate and binding authority of the decisions of other courts. Congress has explicitly required full faith and credit be given by a federal court to a previous state court decision. *See* 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (explaining that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so"). Accordingly, California law determines the claim-preclusive effect that a judgment entered a California case has upon the federal action. *Id.*

Under California res judicata law, a final judgment of a state court precludes further proceedings if they are based on the same cause of action; unlike the federal courts, which apply a transactional nucleus of facts test, California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Res judicata precludes a plaintiff from litigating a claim if (1) the claim relates to the same 'primary right' as the claim in the prior action, (2) the parties in the second action were parties or privies to the other proceeding, and (3) the prior judgment was final and on the merits. *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 651 (9th Cir. 1988) (citing *Trujillo v. County of Santa Clara,* 775 F.2d 1359, 1366 (9th Cir. 1985)).

### A. Plaintiff's Instant Claims Relate to the Same "Primary Right" as His State Court Claims.

For purposes of applying the doctrine of res judicata, "the cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010). In other words, "one injury gives rise to only one claim for relief." *Id.* Thus, "under the primary rights theory, the determinative factor is the harm suffered," and "[w]hen two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.*

Here, the same plaintiff, Mr. Lange, is seeking redress for the same primary right—an underlying claim for false arrest—as in his Superior Court action. In other words, Plaintiff's claims are grounded in the same alleged injury and the same wrong by Defendants and therefore, the same primary right is at stake. *See Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1175 (1983). This civil action stems from the same factual and legal claims that were asserted before the state court. In fact, Plaintiff asserts verbatim the same six causes of actions and substantively the same facts in support of his claims in both lawsuits. (*Cf.* FAC *with* Mot. Dism. Ex. A.) Both complaints allege, inter alia, that Deputy Nickerson arrested Plaintiff "without a verified complaint or probable cause"; defendants Blackmon, Ramelli, Perkins, and Newsom each agreed or consented to the false arrest and imprisonment; Defendants' actions resulted in the loss of his property left at 29059 Tangelo Way; and Defendants abrogated their "duty to the public treasury" by executing an arrest without probable cause. (FAC ¶¶ 60, 65, 70, 73; Mot. Dism. Ex. A, Super. Ct. Compl. ¶¶ 8-9, 18, 21, 23-24.) As such, the instant federal claims relate to the same 'primary right' as were litigated in the state court. *See Mir*, 844 F.2d at 651.

### B. Parties to the Instant Action Were Parties or Privies to the Prior Action.

Further, the parties in the instant action were parties or privies to the state court proceeding. Even when the parties are not identical, privity may exist if "there is

'substantial identity' between parties, that is, when there is sufficient commonality of interest." *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted); *see also Shaw v. Hahn,* 56 F.3d 1128, 1131-32 (9th Cir. 1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action); *United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1003 (9th Cir. 1980) (noting that [a] 'privy' may include those whose interests are represented by one with authority to do so.").

The Court finds that res judicata applies against all of Plaintiff's claims as to all Defendants—the original Sheriff's Deputies named in Plaintiff's state court complaint as well as the additional five members of the County Board of Supervisors named as defendants in his First Amended Complaint—because the original defendants adequately represented the newly-added defendants in the state action, and the County Board members should have reasonably expected to be found by the state adjudication as agents of the same government. *Dyson v. State Personnel Bd.,* 213 Cal.App.3d 711, 725 (Cal. Ct. App. 1989) (holding "agents of the same government are in privity with each other, since they represent not their own rights but the right of the government").

### C. The Superior Court's Prior Judgment Was Final and on the Merits.

A judgment on a general demurrer precludes subsequent action arising out of the same facts as alleged in the original complaint. *See McKinney v. County of Santa Clara*, 110 Cal. App. 3d 787, 794 (1980) (holding "[a] judgment on a general demurrer will have a preclusive effect on a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer"); *Goddard v. Sec. Title Ins. & Guarantee Co.*, 14 Cal. 2d 47, 51 (1939) (noting that a demurrer which is sustained for failure of the facts alleged to establish a cause of action is a judgment on the merits if the same facts are pleaded in the second action).

The state court issued an order sustaining Defendants' demurrer to Plaintiff's complaint. (Mot. Dism. Ex. A at 56-57, Super. Ct. Minute Order.) The Court found that Plaintiff's causes of action against individual employees for false arrest and

imprisonment, intentional infliction of emotional distress, deprivation or property rights, and malfeasance in office failed as a matter of law. (*Id.* at 57.) Specifically, the Superior Court agreed with Defendants that, as public employees "instituting . . . any judicial or administrative proceeding within the scope of [their] employment" by arresting Plaintiff, Defendants are immunized under Government Code § 821.6 against all causes of action arising from conduct under the statute. (*Id.* at 56 (citing Gov. Code § 821.6).) The judgment dismissing Plaintiff's action was entered on May 3, 2012. (*Id.* at 59.) The Court finds that the state court's prior judgment was final and on the merits.

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff failed to state a claim because the causes of action alleged in his complaint and the factual underpinnings of those allegations are barred by the doctrine of res judicata. His claims in the instant case (1) relate to the same 'primary right' as the claim in the prior action, (2) the parties in the second action were parties or privies to the other proceeding, and (3) the prior judgment was final and on the merits. *Mir,* 844 F.2d at 651 (citations omitted). Having found that Plaintiff's claims are precluded, the Court need not address whether the pleadings show that Plaintiff's arrest was based on probable cause and whether Plaintiff's state claims and all claims against new defendants are time-barred.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' First Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**.

DATED: August 14, 2013

HON. GONZALO P. CURIEL
United States District Judge